**TULIP COMPUTERS INTERNATIONAL B.V., Plaintiff,**

**v.**

**DELL COMPUTER CORPORATION, Defendant.**

**No. CIV.A.00–98–KAJ.**

United States District Court, D. Delaware.

March 21, 2003.

Steven J. Balick, Ashby & Geddes, Wilmington, DE, for plaintiff.

Frederick L. Cottrell, III, Richards, Layton & Finger, Wilmington, DE, for defendant.

**MEMORANDUM ORDER**

JORDAN, District Judge.

## I.  INTRODUCTION

Presently before the Court are two motions (D.I.458, D.I.459) by defendant Dell Computer Corporation ("Dell").  One of the motion requests international judicial assistance to take evidence from Mr. Gerardus Franciscus Duynisveld (D.I.458) and the other motion requests international judicial assistance to take evidence from Mr. Frans Dietz (D.I.459).  Both Mr. Duynisveld and Mr. Dietz are citizens of the Netherlands.  (D.I. 458 at 2; D.I. 459 at 2.) Dell has filed these motions pursuant to 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention" or "Convention"), 23 U.S.T. 2555;  T.I.A.S. No. 7444;  847 U.N.T.S. 231, *reproduced in* 28 U.S.C.A. following § 1781.  (D.I. 458 at 1; D.I. 459 at 1.) Plaintiff Tulip Computers International B.V. ("Tulip") opposes the motions. (D.I. 468; D.I. 469.)

## II. BACKGROUND

Tulip, a Dutch corporation with its principal place of business in the Netherlands, initiated this patent infringement lawsuit on November 24, 2000, asserting that Dell, a Delaware corporation with its principal place of business in Texas, is infringing its U.S. Patent No. 5,594,621 (issued Jan. 14, 1997) ("the '621 patent"). (D.I.1.) Dell answered Tulip's allegations of infringement on June 19, 2001, denying Tulip's claims of infringement and asserting the invalidity and unenforceability of the '621 patent. (D.I.6.) Discovery in the case closed on May 10, 2002.[1] (D.I.132) The parties completed briefing their pre-trial summary judgment motions by November 1, 2002.[2] On December 9, 2002, the local magistrate judge [3] issued a Report and Recommendation construing the contested '621 patent claim language.[4] (D.I.411.) The magistrate judge has also issued Reports and Recommendations in this case addressing some of the parties' pretrial summary judgment motions.[5] The motions presently before the Court (D.I.458, D.I.459) stem from a discovery dispute pre-dating the issue date of each of the magistrate judge's Reports and Recommendations.[6]

1. On October 25, 2002, Tulip filed a motion to re-open fact discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (D.I. 361.) The Court denied that motion on December 12, 2002 (D.I.416.)

2. Tulip has filed the following pre-trial summary judgment motions: (1) for partial summary judgment of validity under 35 U.S.C. § 112 (D.I.336), (2) for partial summary judgment of literal infringement (D.I.338), and (3) for partial summary judgment of no inequitable conduct (D.I.341). In contrast, Dell has filed the following pre-trial summary judgment motions: (1) motion for partial summary judgment on failure to mark and noninfringement (D.I.344), (2) for summary judgment of unenforceability due to inequitable conduct (D.I.347), and (3) for summary judgment of invalidity (D.I.350).

3. This action was originally assigned within this Court to the Honorable Roderick R. McKelvie. (D.I.1.) Judge McKelvie retired from the Court in 2002 and the case was referred to Magistrate Judge Mary Pat Thynge. (*See* D.I. 199.) The case was not reassigned to the undersigned until January 6, 2003. (D.I.427.)

4. The parties have objected to the magistrate's Report and Recommendation (*see* D.I. 422; D.I. 423), however, the Court has not had the occasion to address these objections.

5. On December 12, 2002, the magistrate judge granted Tulip's motion for partial summary judgment of validity under 35 U.S.C. § 112 (D.I.336) to the extent that the phrase "peripheral side edge" does not render the '621 patent invalid for failure to definitely claim the subject matter Tulip regards as its invention. (D.I. 414; D.I. 415.) On December 19, 2002, the magistrate judge denied Tulip's motion for partial summary judgment of literal infringement (D.I.338). (D.I. 419; D.I. 420.) On February 4, 2003, the magistrate judge denied Tulip's motion for summary judgment on Dell's 35 U.S.C. § 287 marking defense (D.I.363), mooting Tulip's motion for leave to file a cross-motion for summary judgment (D.I.363); and granted in part and denied in part Dell's motion for partial summary judgment on failure to mark and noninfringement (D.I.344). (D.I. 453; D.I. 454; D.I. 456.) Each of these Reports and Recommendations is the subject of an objection by the parties. (D.I. 422; D.I. 423; D.I. 426; D.I. 428; D.I. 430; D.I. 460; D.I. 463.) The parties have also requested the magistrate judge to reconsider her Report and Recommendation on the claim construction of the '621 patent (D.I.411) and her February 4, 2003 Report and Recommendation (D.I. 453). (D.I. 424; D.I. 435; D.I. 443; D.I. 444; D.I. 461; D.I. 463.) The Court has not had the occasion to address these objections.

6. Dell filed similar motions to the ones presently before the Court on May 31, 2002. (D.I. 188; D.I. 189). The Court, on June 12, 2002, initially granted these motions but, after learning that Tulip filed objections (D.I. 190; D.I. 205) to the motions, the Court instructed the parties to try to work out their differences (D.I. 299 at 8:17–19) (discussion by Magistrate Judge Thynge regarding Judge McKelvie's verbal order). Accordingly, Dell agreed not to forward the requests. (D.I. 473 at 2.)

The motions relate, however, in part, to issues addressed by the magistrate judge, issues in the parties' still pending pre-trial summary judgment motions, and issues addressed in the parties' objections to the magistrate judge's Reports and Recommendations.

## III. DISCUSSION

### A. *The Hague Evidence Convention*

The Hague Evidence Convention serves as an alternative or "permissive" route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522, 538, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). The Convention allows judicial authorities in one signatory country to obtain evidence located in another signatory country "for use in judicial proceedings, commenced or contemplated." Hague Evidence Convention, Art. 1. The United States and the Netherlands are contracting states under the Hague Evidence Convention. 23 U.S.T. 2555; T.I.A.S. No. 7444; 847 U.N.T.S. 231, *reproduced in* 28 U.S.C.A. following § 1781.

■ There are three available methods of taking evidence pursuant to the Convention:

(1) by a Letter of Request or "letter rogatory" from a U.S. judicial authority to the competent authority in the foreign state ..., (2) by an American or foreign diplomatic or consular officer or agent after permission is obtained from the foreign state, and (3) by a private commissioner duly appointed by the foreign state.

Newman & Zaslowsky, LITIGATING INTERNATIONAL COMMERCIAL DISPUTES 139 n. 3 (1996).

Dell has opted to employ the first mechanism list, *supra,* Letters of Requests.

(*See* D.I. 458; D.I. 459.) Pursuant to the Convention, a Letter of Request must provide the contracting state with specific information regarding the lawsuit and the information sought. Hague Evidence Convention, Art. 3. The signatory state, upon receipt and consideration, "shall [then] apply the appropriate measure of compulsion" as is customary "for the execution of orders issued by the authorities of its own country." Hague Evidence Convention, Art. 10. Signatory states may refuse to execute a Letter of Request if the request "does not fall within the function of the judiciary" or if the "sovereignty or security" of the contracting state would be prejudiced but, execution "may not be refused solely on the ground that under its internal law the State of execution claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not admit a right of action on it." Hague Evidence Convention, Art. 12.

The person to whom the discovery requests in a Letter of Request are directed has the right to "refuse to give evidence" to the extent that the person has a privilege under the law of the State of execution or the State of origin. Hague Evidence Convention, Art. 11. However, the Netherlands has stated that "[o]nly the court which is responsible for executing the Letter of Request shall be competent to decide whether any person concerned by the execution has a privilege or duty to refuse to give evidence under the law of a State other than the State of origin; no such privilege or duty exists under Dutch law." Hague Evidence Convention, Netherlands 2i, Art. 11.

The Netherlands has also adopted reservations to the Hague Evidence Convention pursuant to Article 23 of the Convention, which provides that "[a] Contracting State may at the time of signature, ratification or accession, declare that it will not exe-

cute Letters of Request issued for the purpose of obtaining pretrial discovery of documents as known in Common Law countries." Hague Evidence Convention, Netherlands 2i. Thus, as implemented by the Netherlands, Letters of Request may not be acted upon if "issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." Hague Evidence Convention, Netherlands 2i, Art. 23. The Netherlands, therefore, may choose not to enforce Letters of Request for pre-trial discovery of documents which require a person to state the relevancy of the documents to the proceedings for which the documents are sought or Letters of Request that ask a person "to produce any document other than particular documents specified in the Letter of Request as being documents which the court which is conducting the proceedings believe to be in his possession, custody or power." *Id.*

B. *The Parties' Arguments*

1. *Dell's Position*

Dell asserts that "[w]hile in the employment of Tulip, Mr. Duynisveld had knowledge of and participated in R & D activities that may be directly relevant to Dell's defenses in this case." (D.I. 458 at 2.) Similarly, Dell maintains that "[w]hile engaged by Tulip, Mr. Frans Dietz had knowledge of and participated in patent procurement activities that may be directly relevant to Dell's defenses in this case." (D.I. 459 at 2.) In particular, Dell contends that Mr. Duynisveld [and Mr. Dietz] may be able to provide information relating to "the validity of the '621 patent; the enforceability of the '621 patent; and the alleged infringement by Dell of the '621 patent." (D.I. 458 at 2–3; D.I. 459 at 2–3.) Dell contends, therefore, that since Mr. Duynisveld and Mr. Dietz are foreign nationals residing in the Netherlands and are not parties to the present litigation, discov-

ery pursuant to the Hague Evidence Convention is proper. (D.I. 458 at 3–4; D.I. 459 at 3–4.)

Dell further asserts that the taking of evidence from these individuals compels proceeding under the Convention since all alternative efforts to obtain the evidence have failed. (D.I. 473 at 1–3.) Dell contends that the Netherlands' reservations pursuant to Article 23 of the Convention do not weigh against its requests. (*Id.* at 3–4.) In addition, notes Dell, the parties have, during the course of this case, proceeded pursuant to the Convention to obtain evidence from other individuals. (*Id.* at 4–5.) Moreover, argues Dell, Tulip's opposition is not well founded since the Dutch authorities will weigh the breadth of the evidence sought to assure compliance with the Convention and Netherlands judicial procedure. (*Id.* at 5–9) Dell contends that the documents and testimony sought are not privileged as Tulip maintains and, even if the evidence were privileged, it would first be returned to this Court, thus placing the Court in a position "to determine whether any applicable privilege prohibits the production of certain documents to Dell." (*Id.* at 7.)

2. *Tulip's Position*

Tulip contends that the Court must apply a much higher standard then is applied in this country when ordering discovery, if the Court authorizes Dell's request to proceed pursuant to the Hague Evidence Convention, since use of the Convention raises issues of territoriality and comity. (D.I. 468 at 3–5; D.I. 469 at 3–5.) In particular, Tulip argues that Article 23 of the Convention prohibits the broad document inquiry sought by Dell because Dell's requests do not conform to the Netherlands' reservations with regard to Article 23, which may be characterized as prohibiting American-style discovery "fishing expeditions." (D.I.

468 at 5–7; D.I. 469 at 5–7.) In addition, asserts Tulip, the Court should deny Dell's requests because much of the evidence Dell seeks is privileged information. (D.I. 468 at 7–12; D.I. 469 at 7–11.) Moreover, maintains Tulip, the evidence sought is either irrelevant to the proceedings or constitutes inadmissible hearsay. (D.I. 468 at 12–13; D.I. 469 at 9–11.)

### C. *Analysis*

██ "A party which seeks the application of the Hague [Evidence] Convention procedures rather than the Federal Rules [of Civil Procedure] bears the burden of persuading the trial court[ ]" of the necessity of proceeding pursuant to the Hague Evidence Convention. *Valois of Am., Inc. v. Risdon Corp.,* 183 F.R.D. 344, 346 (D.Conn.1997) (citations omitted). That burden is not great, however, since the "Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Aerospatiale,* 482 U.S. at 541, 107 S.Ct. 2542. Factors relevant to the Court's decision include "considerations of comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery." *Madanes v. Madanes,* 199 F.R.D. 135, 141 (S.D.N.Y.2001) (citations omitted).

██ Resort to the Hague Evidence Convention in this instance is appropriate since both Mr. Duynisveld and Mr. Dietz are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court. Those factors restricting the availability of the evidence Dell seeks weigh in favor of proceeding under the Hague Evidence Convention. *See Orlich v. Helm Brothers, Inc.,* 160 A.D.2d 135, 143, 560 N.Y.S.2d 10 (N.Y.A.D.1990) ("When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory."); *Aerospatiale,* 482 U.S. at 546, 107 S.Ct. 2542 ("The exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke.").

Tulip's arguments go more particularly to the scope of the discovery Dell seeks pursuant to the Hague Evidence Convention. (*See* D.I. 468 at 3–11; D.I. 469 at 3–13.) The arguments do not justify wholly precluding Dell's efforts to acquire the evidence it seeks. Tulip's primary argument is that the evidence sought is privileged and Mr. Duynisveld and Mr. Dietz, therefore, should not be placed in a position to determine for themselves what information is or is not privileged in the case. (D.I. 468 at 9–11; D.I. 469 at 10–13.) Tulip contends, therefore, that in order to prevent an abuse of privilege the Court should deny Dell's requests *in toto.* (*Id.*) The Court disagrees. Mr. Duynisveld and Mr. Dietz may avail themselves of the privilege provided in this country and in the executing country under Article 11 of the Convention. Presumably, they may also obtain counsel, if they wish, and Tulip will be free to express its own views on privilege and, if necessary, to seek this Court's opinion with respect to those views.

The Court is also not persuaded by Tulip's assertions with regard to the Netherlands reservations pursuant to Article 23 of the Convention as applied to Dell's proposed document requests. "[T]he emerging view of this exception to discovery is that it applies only to 'requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting

court.'" *Aerospatiale*, 482 U.S. at 564, 107 S.Ct. 2542 (Blackmun, J., concurring in part, dissenting in part) (citations omitted). "Thus, in practice, a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest." *Id.* If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains, then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced. (D.I. 469 at 4 (citing Ex. A, Ebbink Aff. ¶¶ 4–5).) The Court is content that such officials will make the appropriate determination under their own law. *See Aerospatiale*, 482 U.S. at 542, 107 S.Ct. 2542 ("It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions, and we are satisfied that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those courts.").

Accordingly, IT IS HEREBY ORDERED

That Dell's motions (D.I. 458; D.I. 459) to approve requests for international judicial assistance, pursuant to the Hague Evidence Convention of 18 March 1970 on the taking of evidence in civil or commercial matters, to take evidence from Mr. Duynisveld (D.I.458) and Mr. Dietz (D.I.459) are GRANTED. Dell shall prepare final versions of its letters of requests, which shall contain limiting language to clarify that it will not inquire into matters which are subject to the attorney-client or any other applicable privilege, and, in taking any evidence which the Netherlands' authorities may permit it take, Dell shall take the

most restrictive view of privilege applicable, whether it be under United States or Netherlands' law.[7]

---

7. In that regard, this Court's Order of February 10, 2003 (D.I.456) and the Magistrate Judge's Orders of October 2, 2002 (D.I.317) and November 15, 2002 (D.I.400, D.I.401) should be borne in mind, and copies of the same, upon request, should be made available to any Netherlands authorities and any individuals or their representatives from whom Dell seeks to take evidence.